**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PETER BARKER and<br>JESSICA BARKER, | * | |
| | * | |
| *Plaintiffs*, | * | |
| v. | | Civil Action No. RDB-25-212 |
| | * | |
| DREAM YACHT CHARTER and<br>DREAM YACHT AMERICAS, INC., | * | |
| | * | |
| *Defendants*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM ORDER</u>**

On March 31, 2026, this Court issued a Memorandum Opinion and Order granting the

Motion to Dismiss for *Forum Non Conveniens* of Defendants Dream Yacht Charter and Dream

Yacht Americas, Inc. *See* (ECF No. 34 (Opinion); ECF No. 35 (Order)). Now pending is the

Motion for Reconsideration of the Plaintiffs, Peter Barker and Jessica Barker. (ECF No. 36.)

The Court has reviewed the parties' submissions; no hearing is necessary. *See* Loc. R. 105.6

(D. Md. 2021). For the reasons stated below, the Barkers' Motion for Reconsideration is

DENIED.

**BACKGROUND**

The facts of this case have already been discussed at length in this Court's two previous

Memorandum Opinions (ECF Nos. 28, 34) and need not be restated in full here. To

summarize, on March, 28, 2023, Peter Barker fell through the floor of a fifty-five-foot

catamaran that he, his wife, and eleven of their family and friends had chartered, bareboat,[1] from Defendants and were sailing around the South Pacific. (ECF No. 34 at 4, 5.) He suffered serious injuries. (*Id.* at 5.) The Barkers had not chartered the catamaran themselves. (*Id.* at 4.) Instead, their friend and fellow traveling partner, Jonathan Ziskind, entered the bareboat charter contract with Defendants and was the contract's sole "client." (*Id.* at 4–5.) The bareboat contract included a forum-selection clause designating Port Louis, Republic of Mauritius, as the exclusive venue for any legal action arising from it. (*Id.* at 5.)

The Barkers brought a two-count maritime negligence claim in this Court. (ECF No. 1.) Defendants moved to dismiss the Complaint pursuant to the doctrine of *forum non conveniens*, arguing that the Barkers had contracted to litigate any and all claims in Mauritius.[2] (ECF No. 12.) In Response, the Barkers argued that they were not beholden to the forum-selection clause because they were not parties to the bareboat charter contract and its terms were never "reasonably communicated" to them. (ECF No. 19.) This Court held a hearing on the Motion on February 13, 2026. (ECF No. 27.) It then ordered the parties to submit supplemental briefing (ECF No. 30), which they did (ECF Nos. 31, 32, 33). On March 31, 2026, this Court granted Defendants' Motion to Dismiss by Memorandum Opinion and Order. (ECF Nos. 34, 35.) The Court held that the reasonably communicated test proffered by the Barkers does not apply in the context of bareboat charter contracts. (ECF No. 34 at 4.) The Barkers have since

---

[1] In a bareboat charter, the charterer hires the vessel without a crew. *Matter of Wilson Yachts, LLC*, 605 F. Supp. 3d 695, 702–03 (D. Md. 2022) (citing *The Barnstable*, 181 U.S. 464, 468 (1901)). The charterer of a bareboat charter is considered the owner of the vessel for the charter term. *Id.* at 702–03 (citing *The Barnstable*, 181 U.S. at 468).

[2] Separately, Defendant Dream Yacht Charter, a company incorporated and with its principal place of business in Mauritius, also moved to dismiss the case against it for lack of personal jurisdiction and improper service of process. (ECF No. 13.) Defendant Dream Yacht Americas, Inc., did not join that motion but instead filed an Answer. (ECF No. 14.) The Court denied Dream Yacht Charter's motion to dismiss by Memorandum Opinion and Order (ECF Nos. 28, 29) on February 13, 2026.

filed a Motion for Reconsideration of that Memorandum Opinion and Order, calling the Court's decision a clear error of law. (ECF No. 36.)

## STANDARD OF REVIEW

The Barkers' Motion for Reconsideration is brought under Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes a district court to alter, amend, or vacate a prior judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012).

Motions for reconsideration are "an extraordinary which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Siple v. First Franklin Fin. Corp.*, RDB-14-2481, 2015 WL 6163791, at *2 (D. Md. Oct. 19, 2015) ("Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." (quoting *TFWS*, 572 F.3d at 194)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md.

Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

## ANALYSIS

Pursuant to Rule 59(e), the Barkers must demonstrate that an amendment to the Court's previous decision is warranted (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008) This is a "high bar." *Worsham v. Discount Power*, RDB-20-0008, 2021 WL 5742382, at *2 (D. Md. Dec. 1, 2021) (citation omitted).

The Barkers do not argue that there has been an intervening change in controlling law or that there is new evidence. Instead, they argue that this Court committed a clear error of law when it held that the reasonably communicated test does not apply in the context of bareboat charter contracts. (ECF No. 36 at 4–5.) Specifically, they claim that the Court erred in concluding, on an issue of first impression, that a doctrine of law that developed in the context of cruise ships was not transferrable to the context of bareboat charters for yachts. (*Id.*) The Barkers still agree that this case presented an issue of first impression. (*Id.* at 2.) They contend, however, that the reasonably communicated test has been applied outside the context of cruise ships and, consequently, that it should have been applied to their case. (*Id.* at 2–4.)

In their Reply, the Barkers also seek reconsideration on the basis that the three year statute of limitations has now run on their maritime negligence claim. (ECF No. 42.) Arguments raised for the first time in a reply brief are ordinarily not considered. *See, e.g.*, *Clawson v. FedEx Ground Package Sys.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) (citing *United*

*States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006)). Even considered, however, this argument fails, as a statute of limitations expiring does not amount to manifest injustice under Rule 59(e). A manifest injustice is "an error by the court that is direct, obvious, and observable." *United States v. Duke Energy Corp.*, No. 00-CV-1262, 2014 WL 4659479, at *5 (M.D.N.C. Sep. 17, 2014); *Smith v. Waverly Partners, LLC*, No. 10-CV-28, 2011 WL 3564427, at *3 (W.D.N.C. Aug. 12, 2011); *Register v. Cameron & Barkley Co.*, 481 F.Supp.2d 479, 480 n. 1 (D.S.C. 2007). That standard is not met by the statute of limitations having run on the Barkers' claims.

Put plainly, the Barkers' Motion for Reconsideration does not present any grounds for relief under Rule 59(e). It is merely an attempt to re-litigate the same issues this Court already addressed in its Memorandum Opinion (ECF No. 34). As the Motion expresses "mere disagreement" with this Court's prior Order, it is entirely without merit. *See Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

For these reasons stated above, it is this 7th day of May, 2026, hereby ORDERED that:

1. The Barkers' Motion for Reconsideration (ECF No. 36) is DENIED;

2. The Clerk of Court shall transmit copies of this Memorandum Order to counsel of record.

/s/
_____
Richard D. Bennett
United States Senior District Judge

5